## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER JOHN KENDALL**, individually and on behalf of those similarly situated<br>130 New Road, Apt. F9<br>Parsippany, NJ 07054<br><br>Plaintiff<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC**<br>6 Clementine Road, East<br>Suite A2<br>Gibbsboro, NJ 08026<br><br><br><br>Defendant | Case No.<br><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. 1681, _et seq._**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Christopher John Kendall ("Plaintiff"), through Counsel, for themselves and on behalf of all others similarly situated and for their Class Action Complaint against Defendant Equifax Information Services, LLC ("Equifax"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a natural person and at all relevant times has been residing in Morris County, New Jersey.  Plaintiff is, and at all times relevant was, a "consumer" as that term is understood under 15 U.S.C. 1681a(c).

2.     Defendant Equifax Information Services, LLC is a limited liability corporation incorporated under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street NE, Atlanta, GA and doing business in the State of Jersey.

3.      Equifax is a "Consumer Reporting Agency" (or "CRA") as that term is defined by 15 U.S.C. 1681a(f).

4.      Equifax is also a "Consumer Reporting Agency that Compiles and Maintains Files on Consumers on a Nationwide Basis" as that term is defined under 15 U.S.C. 1681a(p).

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, as this case alleges a violation of federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* ("FCRA").

6.      This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. 1367.

7.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c), as the Plaintiff reside within the District, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Equifax regularly conducts business in this District.

## INTRODUCTION

8.      The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), to insure fair and accurate credit reporting, promote efficiency in the banking system, and, as most relevant to this Complaint, protect

consumer privacy.  The FCRA imposes duties on the CRA's to protect consumer's sensitive personal information.

9.    The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise follow from the compromise of a consumer's sensitive personal information.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and a consumer's substantive right to protection from damage to reputation, shame, mortification, and emotional distress that naturally follows from the compromise of a person's identity.

10.    A central duty that the FCRA imposes upon CRAs is the duty to protect the consumer's privacy by guarding against inappropriate disclosure to third parties.  15 U.S.C. 1681b codifies this duty, and permits a CRA to disclose a consumer's information only for one of a handful of exclusively defined "permissible purposes."  To ensure compliance, CRAs must maintain reasonable procedures to ensure that such third party disclosures are made exclusively for permissible purposes.  15 U.S.C. 1681e(a).

11.    The FCRA defines "consumer report" broadly, as "any written, oral, or other communication of any information by a CRA bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily

for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d).

12.     The FCRA also entitles the consumer to take an active role in the protection of his or her sensitive personal information, by giving the consumer a right to request "All information in the consumer's file at the time of the request." 15 U.S.C. 1681g(a)(1).  Through immediate review of the details of when, and for what purpose, a consumer's information has been disclosed to a third party, a consumer may better understand whether their identity has been stolen.

13.     The FCRA also entitles consumers to actively protect their privacy rights in cases of suspected identity theft.  Specifically, a consumer who believes he or she has been the victim of identity theft can submit a fraud alert to a consumer reporting agency.  15 U.S.C. 1681c-1. The consumer can either request that the fraud alert be imposed for a 90-day period, or for an extended period of seven years.  15 U.S.C. 1681c-1(a)-(b).  In the event a consumer requests "extended" protection, a consumer reporting agency must remove the consumer from any list of third parties to whom the agency sends the consumer's information to extend firm offers of credit, and keep the consumer off of any such a list for five years, unless the consumer requests otherwise.  15 U.S.C. 1681c-1(b)(1)(B).  After being notified of a fraud alert, a CRA must send notification of the alert to the consumer reporting agencies which report information on a nationwide basis.  15 U.S.C. 1681c-1(a)(1)(B); *see* 15 U.S.C. 1681a(p).

4

14.     After fraud notification, the FCRA provides the consumer additional rights to independently monitor their credit information to protect their privacy.  Specifically, once notified of a consumer's fraud notification, a CRA must, within three days of the notification, provide the consumer with all of the disclosures required under 15 U.S.C. 1681g.  15 U.S.C. 1681c-1(a)(2), 1681c-1(b)(2).  When a consumer requests that an "extended" fraud alert be placed on their files, the consumer is entitled to request two free disclosures under 15 U.S.C. 1681g within the 12-month period following notification of a fraud alert.  15 U.S.C. 1681c-1(b).

15.     Thus, through immediate review of the details of when, and for what purpose, a consumer's private information has been disclosed to a third party, a consumer may better understand whether their identity has been stolen.  And through semi-annual review of their consumer disclosures in the case of an "extended" alert, a consumer can periodically check to determine whether efforts to protect their identity after potential fraud have not been successful.  Thus, the FCRA presupposes that consumers subject to potential fraud should be permitted the immediate opportunity to investigate the issues themselves and ascertain the extent of any suspected fraud.

16.     Plaintiff, individually and on behalf of those similarly situated, brings this action to challenge the actions of Defendant in the protection and safekeeping of the Plaintiff's and Class members' personal information.

17.     Defendant failed to properly safeguard the information of Plaintiff and Class members, as required under 15 U.S.C. 1681e(a).

18.     Additionally the Defendant's failure to properly safeguard the information of Plaintiff and Class Members violates the requirements of N.J.S.A. 56:8-2 as failing to safeguard an on-going consumer service thus warranting relief under N.J.S.A. 56:8-19 to prevent the Defendant from forcing Plaintiff and other affected class members to subject themselves to arbitration.

## GENERAL ALLEGATIONS

19.     On July 29, 2017, Equifax discovered that one or more of its servers, which contained Plaintiff' sensitive personal information including Plaintiff's names, full Social Security numbers, birth dates, addresses, and, upon belief, their driver's license numbers and possibly one or more of their credit cards, had been breached or "hacked" by a still unknown third party.

20.     Upon belief, when Equifax discovered this breach, Equifax immediately began an internal investigation and contracted with an unidentified third-party cybersecurity firm to conduct a comprehensive forensic review to determine the scope of the hack including identifying the specific data impacted.  As of the filing of this Complaint, that investigation remains ongoing and has yet been completed despite over six weeks elapsing since the initial breach.

6

21.     On September 7, 2017, major news outlets began reporting about the July 29, 2017 incident.  (*See, e.g.*, *Massive Equifax Data Breach Could Impact Half of the U.S. Population*, Alyssa Newcomb, NBCNEWS, Sept. 7, 2018, available at: https://www.nbcnews.com/tech/security/massive-equifax-data-breach-could-impact-half-u-s-population-n799686).

22.     For the Plaintiff, as with all potential Class members, these news stories were the first time that they had been informed that their information secured by Equifax had been compromised six (6) weeks earlier, and they now live in constant fear that their information has been compromised.

23.     Equifax's decision to wait six (6) weeks after the alleged data breach before informing all consumers of the same was willful, or at least negligent.  Further, by depriving Plaintiff and Class members information about the breach in a timely manner, Equifax subjected each consumer to a concrete informational injury, as these consumers were deprived of their opportunity to meaningfully consider and address issues related to the potential fraud, as well as to avail themselves of the remedies available under the FCRA to prevent further dissemination of their private information.

24.     Equifax has been subject to numerous allegations regarding data breaches in the past. (*See, e.g.*, *A Brief History of Equifax Security Fails,* Thomas Fox-Brewster, FORBES, Sept. 8,                  2017,                  available                  at:

https://www.forbes.com/sites/thomasbrewster/2017/09/08/equifax-data-breach-history/#63dc427 0677c).  In light of Equifax's continual failure to ensure the integrity of its file storage systems in light of known defects to the same, Equifax willfully, or at least negligently, failed to enact reasonable procedures to ensure that consumer reports would only be provided for a permissible purpose.  By failing to establish reasonable procedures to safeguard individual consumer's private information, Equifax deprived millions of consumers from a benefit conferred on them by Congress, which, now lost, cannot be reclaimed.

25.     The harm to Plaintiff and Class members was complete at the time the unauthorized breaches occurred, as the unauthorized disclosure and dissemination of private credit information causes harm in and of itself.

26.     Equifax also on September 7th, 2017 began to offer consumers like the Plaintiff and Class Members an allegedly  dedicated secure website where consumers could determine if their information was compromised (https://www.equifaxsecurity2017.com) and offer consumers "free" credit monitoring through an Equifax product, TrustedID Premier (https://www.equifaxsecurity2017.com/enroll/), for one year.

27.     However under the guise of an effort to mitigate damages  and to provide some assistance to the victims of their data breach including the Plaintiff and Class Members  by allowing them free access to their TrustedID Premier service, the terms and conditions of that free service require that the victims, including Plaintiff and Class member waive their right to

bring or participate in a class action lawsuit and requires them to submit to arbitration

(http://www.equifax.com/terms/) that is another avenue to deprive the Plaintiff and Sub-Class

Members of the ability to avail themselves of the remedies available under the FCRA to prevent

further dissemination of their private information.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of a nationwide class of all similarly situated

individuals ("Class"), defined as: "all persons in the United States for whom Equifax stored

private, personal information that was released as a result of the data breach."

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

29.     Plaintiff also bring this action on behalf of a subclass of all similarly situated

individuals in New Jersey ("Subclass"), defined as: "all persons in New Jersey for whom

Equifax stored private personal information that was released as a result of the data breach."

Excluded from the Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

9

30.    At this time the Plaintiff does not know the size of the Class because the information is exclusively in the possession of the Defendant, but Plaintiff believes that the potential number of Class members are so numerous that joinder would be impracticable. It has been reported that the Class could consist of over 100 million people. The number of Class members can be determined through discovery.

31.    All members of the Class have been subject to and affected by a uniform course of conduct in that all Class members' personal information was compromised during the data breach. These are questions of law and fact common to the proposed Class that predominate over any individual questions. The questions common to all Class members include, but are not limited to:

a.    Whether Defendant had implemented reasonable procedures to ensure that all third parties who accessed Plaintiff' and Class members' private credit information did so for a permissible purpose;

b.    Whether Defendant failed to notify consumers of the data breach within a reasonable period of time;

c.    Whether Defendant failed to block the reporting of information on consumers' files that were the result of the data breach;

d.    Whether Plaintiff and Class members suffered damages as a result of Defendant's failure to comply with FCRA based on the improper dissemination of their credit information as a result of the data breach;

e.    Whether Plaintiff and Class members are entitled to statutory damages; and

f.    Whether Plaintiff and Class members are entitled to punitive damages.

32.     Plaintiff's claims are typical of the class, as Plaintiff's personal information was compromised during the data breach.  All claims are based on the same legal and factual issues.

33.     Plaintiff will adequately represent the interests of the class and do not have an adverse interest to the class.  If individual class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.  A class action is the superior method for the quick and efficient adjudication of this controversy.  Plaintiff's counsel has experience litigation consumer class actions.

34.     Further, under Fed. R. Civ. Pro. 23(a), Defendant acted on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

35.     Based on the actions of Defendant, Plaintiff seek recovery for the claims alleged, *infra*, summarized as follows:

| COUNT<br><br>STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
| --- | --- |
| **COUNT ONE**<br><br>15 U.S.C. 1681, *et seq.*<br><br>*FCRA* | Defendant's compromise of Plaintiff' personal information that was discovered on July 29, 2017 by Defendant violates 15 U.S.C. 1681e(a). |
| **COUNT TWO**<br><br>N.J.S.A. 56:8-2, *et seq.* | Defendant's compromise of Plaintiff' personal information is an unconscionable act and practice, as Defendant failed to maintain Plaintiff's personal information and attempted to deceive Plaintiff and Class members into agreeing to waive rights to bring class actions and the right to access to the courts. |

## COUNT ONE: VIOLATION OF 15 U.S.C. 1681, *et al.*

36.    Plaintiff realleges all allegations contained in Paragraphs 1 through 35 as if fully rewritten herein.

37.    This Count is brought on behalf of the nationwide Class.

38.    Based upon Equifax's failure to have reasonable procedures in place, Plaintiff's private information was compromised, and none of the Plaintiff or Class members received notice of the data breach, except through the media, approximately six (6) weeks after the breach occurred.

39.    As a result of each and every willful violation of FCRA, Plaintiff and Class members are entitled to: actual damages, pursuant to 15 U.S.C. 1681n(a)(1); statutory damages, pursuant to 15 U.S.C. 1681n(a)(1); punitive damages, as this Court may allow, pursuant to 15 U.S.C. 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. 1681n(a)(3).

40.    As a result of each and every negligent non-compliance of the FCRA, Plaintiff and Class members are also entitled to actual damages, pursuant to 15 U.S.C. 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1681o(a)(2) from Defendant.

## COUNT TWO: VIOLATION OF N.J.S.A. 56:8-2

41.    Plaintiff restates all allegations contained in Paragraphs 1 through 40 as if fully rewritten herein.

42.    This Count is brought on behalf of the New Jersey Subclass.

43.     The Consumer Fraud Act, NJSA §56:8-2 prohibits "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate."

44.     Plaintiff is a "person" within the meaning of N.J.S.A. 56:8-1.

45.     Equifax is a "person" within the meaning of N.J.S.A. 56:8-1 as Equifax was, at all times relevant herein, engaged in soliciting "consumer transactions" as that term is defined in N.J.S.A. 56:8-1 by soliciting an ongoing service, credit reporting and data aggregation of Plaintiff' personal information, to consumers in New Jersey for primarily personal use within the meanings specified in N.J.S.A. 56:8-1.

46.     Equifax's breach of the Plaintiff's information was deceptive and violates N.J.S.A. 56:8-2.

47.     As a direct and proximate result of the above violation of the Consumer Fraud Act, Plaintiff and all Class members in New Jersey have suffered injuries including, but not limited to mental anguish, emotional distress, fear, panic, stress, and the continued worry that their identities have been compromised and are being used fraudulently.

48.     Equifax's actions violate the Consumer Fraud Act, and Plaintiff and all Class members in New Jersey are entitled to receive treble damages, and attorneys' fees and costs.

13

49.    By trying to trick New Jersey Consumers by offering a "free" service of credit monitoring  into signing a broad class action waiver and arbitration agreement, which would benefit only Equifax, the Defendant engaged in a class bait and switch which is prohibited under the New Jersey Consumer Fraud Act.

50.    Defendant Equifax's actions as described herein, *supra*, further warrant Plaintiff and Subclass requesting this Court also provide a declaration pursuant to N.J.S.A. 56:8-19 that any arbitration provision that the Plaintiff or subclass may be subjected to due to their use of https://www.equifaxsecurity2017.com/ is void.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher John Kendall., individually and on behalf of the Class, respectfully request the following relief against Defendant Equifax Information Services, LLC:

A)    For an award of actual damages against Defendant for all allegations contained in Count One;

B)    For an award of treble actual damages against Defendant for all allegations contained in Count Two;

C)    For an award of statutory damages pursuant to 15 U.S.C. 1681n(a)(1) against Defendant for the allegations contained in Count One for each eligible Class member and the Plaintiff;

D)    For an award of punitive damages against Defendant for the allegations contained in Count One as this Court may allow pursuant to 15 U.S.C. 1681n(a)(2);

E)    For an award of statutory damages against Defendant for the allegations contained in Count Two of at least $500.00 per party to the Plaintiff and all eligible New Jersey Class members;

F)    For an award of the costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. 1681n(a)(3) and 15 U.S.C. 1681(o)(1)(1) against Defendant for each incident of negligent noncompliance of FCRA alleged in Count One and alternatively under the Consumer Fraud Act as alleged in Count Two;

G)    For an order declaring the arbitration provisions and class action waiver provisions obtained by enticing consumers to sign up for "free" credit monitoring void pursuant to N.J.S.A. 56:8-19 as alleged in Count Two; and

H)    For an Preliminary and Permanent  injunction prohibiting Equifax from continuing to to bait and switch consumers into signing a class action waiver and arbitration agreement.

I)    For all other relief this Court may deem just and proper.

Respectfully Submitted,


/s/Javier L. Merino, Esq.

Javier L. Merino (078112014)
DANNLAW
1 Meadowlands Plaza, Suite 200
East Rutherford, NJ 07073
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

15

*Pro Hac Vice Applications to Be Submitted*

Robert A. Clifford
*rac@cliffordlaw.com*
Shannon M. McNulty
*smm@cliffordlaw.com*
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090 telephone
(312) 899-9090 facsimile
*Pro Hac Vice Applications to Be Submitted*

David H. Krieger, Esq.
George Haines, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
(702) 880-5554
(702) 385-5518 fax
*dkrieger@hainesandkrieger.com*
*ghaines@hainesandkrieger.com*
*Pro Hac Vice Applications to Be Submitted*

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
matthew.knepper@knepperclark.com
miles.clark@knepperclark.com
*Pro Hac Vice Application to Be Submitted*

Sean N. Payne
Nevada Bar No. 13216

16

PAYNE LAW FIRM LLC
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com
*Pro Hac Vice Application to Be Submitted*

*Counsel for the Plaintiff and the Class*

## JURY DEMAND

Plaintiff hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Javier L. Merino
Javier L. Merino (078112014)
DANNLAW
*Attorneys for Plaintiff and the Class*

17